Filed 2/28/23  In re Wade CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re CHANCELLOR WADE on Habeas Corpus. | C096459 <br><br> (Super. Ct. Nos. 18FE019068, 22HC00299) |

After a jury found petitioner Chancellor Wade guilty of robbery and attempted robbery, the trial court sentenced him to 31 years to life in prison, which included a three-year upper term for attempted robbery, doubled based on a prior serious felony conviction.  (See *People v. Wade* (Apr. 23, 2021, No. C090655) [nonpub. opn.], review granted July 14, 2021, S268936 (*Wade*).)  Petitioner contends that we must remand for resentencing because the trial court's imposition of an upper term sentence did not satisfy

1

the requirements of new amendments to Penal Code section 1170,[1] which took effect while his appeal was pending. The People agree that new subdivision (b)(6) of section 1170 applies retroactively and compels resentencing. We will vacate petitioner's sentence and remand for resentencing.

## BACKGROUND

In 2019, defendant was convicted and sentenced as set forth above. Wade appealed the judgment, this court affirmed, and our Supreme Court granted Wade's petition for review. Wade's case remains pending before our Supreme Court. (See *Wade, supra*, C090655, review granted.)

At the time of petitioner's sentencing, section 1170 permitted the trial court to select the term of imprisonment "which, in the court's discretion, best serves the interests of justice." (§ 1170, former subd. (b), as amended by Stats. 2018, ch. 1001, § 1.) Effective January 1, 2022, the Legislature amended section 1170, adding, among other things, subdivision (b)(6), which requires imposition of a lower term sentence when certain mitigating factors contributed to the commission of the offense, including when a defendant has experienced psychological trauma. (§ 1170, subd. (b)(6)(A); Stats. 2021, ch. 731, §§ 1.3, 3(c).)

Petitioner filed a petition for a writ of habeas corpus in the trial court, which was denied in June 2022. Petitioner then filed his petition in this court, alleging posttraumatic stress disorder was a contributing factor in the commission of the attempted robbery, which entitled him to resentencing under the amended law. We initially denied the petition in July 2022. After petitioner asked the Supreme Court to review our denial, the court granted review in September 2022 and transferred the matter back to this court, ordering us to vacate our order denying the petition and issue an order to show cause why

---

[1] Undesignated statutory references are to the Penal Code.

2

petitioner is not entitled to a new sentencing hearing in light of the amendments to section 1170. We consequently vacated our order denying the petition and issued an order to show cause. (See *In re Harris* (1993) 5 Cal.4th 813, 828, fn. 7 [habeas corpus properly used to raise "issues that could not be raised on appeal because they are based on matters outside the appellate record" if "filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim"], disapproved on another ground in *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 854.)

The People filed a return in October 2022, conceding petitioner is entitled to his requested relief due to the intervening change in the law. Petitioner filed a traverse in November 2022, requesting additionally that we order the trial court to impose a lower term sentence for attempted robbery and allow petitioner to appear remotely at his resentencing hearing.

## DISCUSSION

Once an order to show cause issues in response to a petition for a writ of habeas corpus, the "[p]etitioner bears the burden of proving, by a preponderance of the evidence, the facts on which his claim depends." (*In re Large* (2007) 41 Cal.4th 538, 549.) " '[W]hen the return effectively acknowledges or "admits" allegations in the petition and traverse which, if true, justify the relief sought, such relief may be granted without a hearing on the other factual issues joined by the pleadings.' " (*People v. Duvall* (1995) 9 Cal.4th 464, 477; Cal. Rules of Court, rule 8.386(f).) We agree with the parties that the amendments to section 1170, subdivision (b)(6) apply retroactively to this nonfinal case. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.)

Given the People's concession that petitioner is entitled to resentencing for attempted robbery due to the enactment of section 1170, subdivision (b)(6), we find petitioner has established facts sufficient to justify relief. Specifically, petitioner has established that evidence exists that the trial court must consider pursuant to section

3

1170, subdivision (b)(6) before sentencing petitioner to a term of imprisonment greater than the lower term. We also conclude the record does not clearly indicate the trial court would have imposed the same sentence had section 1170, subdivision (b)(6) been in effect at the time. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242.) Accordingly, we will vacate petitioner's sentence and remand for resentencing.

We cannot, however, grant the additional relief requested in petitioner's traverse for two reasons. First, "a habeas corpus petitioner may not raise additional issues in the traverse." (*Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1235.) Second, petitioner has not offered enough evidence for us to determine that he is entitled to a lower term sentence pursuant to section 1170, subdivision (b)(6), or to appear remotely at the resentencing hearing. On remand, the parties will have the opportunity to offer additional evidence, and the trial court must determine: (1) whether defendant suffered "psychological . . . trauma" that "was a contributing factor in the commission of the offense"; and (2) whether "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(4), (6).) Likewise, petitioner's request to appear remotely at the resentencing hearing should be addressed by the trial court in the first instance. (See § 977; see Stats. 2022, ch. 57, § 1.)

On remand, the trial court may revisit all of its sentencing choices in light of new legislation. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

4

## DISPOSITION

Petitioner's sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with this opinion.


        _____KRAUSE_____, J.


We concur:


_____RENNER_____, Acting P. J.


_____EARL_____, J